[Civ. No. 44606. First Dist., Div. Four. Apr. 11, 1979.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
LARRY VAN WILLIAMSON, Real Party in Interest.

---

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and Laurence M. May, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Cooper, Newhouse, Hertz & Lyons, Penelope M. Cooper and John Steinberg for Real Party in Interest.

---

**OPINION**

**POCHÉ, J.**—Petitioner seeks a writ of mandate to vacate an order denying a motion for a special hearing to relitigate the validity of two searches.

By complaint, the district attorney charged Larry Van Williamson with three felony convictions of Health and Safety Code section 11378, possession of psilocybin for sale. Each of the counts involved the discovery of mushrooms of that substance at one of three locations

controlled by defendant: count one involved Bay No. 6, count two involved Bay No. 7 and count three involved Norman Court. Thereafter, at a preliminary hearing defendant's motion to suppress evidence was denied as to Bay No. 6 but granted as to Bay No. 7 and Norman Court. Defendant was bound over for trial as to count one only. Three days later, the prosecutor filed a timely request for a special hearing pursuant to Penal Code section 1538.5, subdivision (j) to relitigate de novo the validity of the searches at Bay No. 7 and Norman Court. Subsequently, petitioner was charged by information as to count one only. The request for the special hearing was denied and this petition for a writ of mandate followed.

We denied the petition in the first instance. The Supreme Court granted the People's petition for hearing, transferred the cause there, and retransferred it to this court with directions to issue an alternative writ of mandamus. We ordered the alternative writ issued.

The pertinent provisions of Penal Code section 1538.5, subdivision (j) are: "If the property or evidence relates to a felony offense initiated by complaint and the defendant's motion for the . . . suppression of the property or evidence at the preliminary hearing is granted, and if the defendant is held to answer at the preliminary hearing, the ruling at the preliminary hearing shall be binding upon the people unless, upon notice to the defendant and the court in which the preliminary hearing was held and upon the filing of an information, the people within 15 days after the preliminary hearing request in the superior court a special hearing, in which case the validity of the search or seizure shall be relitigated de novo on the basis of the evidence presented at the special hearing . . . ."

■ Petitioner contends what defendant later conceded during oral argument: that at trial on this information the defendant will try to show that the mushrooms were for personal use only. The evidence suppressed at the preliminary hearing would then be used by the prosecution in an attempt to negate that defense, for example, by showing a similarity of cultivation technique at the three locations under the control of the defendant.

There is no question but that within the meaning of Penal Code section 1538.5, subdivision (j) "property or evidence" taken at Bay No. 7 and at Norman Court "relates to the felony offense" in count one of the complaint which is now the sole count of the information. Petitioner is

entitled under the plain wording of the statute to a hearing to relitigate the issue.*

Let a peremptory writ of mandate issue directing the respondent to vacate its order denying the prosecution's request for a special hearing under Penal Code section 1538.5, subdivision (j) to relitigate de novo the validity of the search and seizure involving Bay No. 7 and Norman Court.

Caldecott, P. J., and Christian, J., concurred.

---

*We do not reach the issue here, however, of whether the People would be entitled to relitigate de novo the suppression issue pretrial where the evidence suppressed and the charges dismissed do not relate to the remaining charge.